# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

---

POWER SPECIALTY CO. v. FARRELL-CHECK FOUNDRY CO.

Ohio Appeals, 6th Dist., Erie Co.

No. 278. Decided Sept. 20, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**PERSONAL PROPERTY.**

(420 S) Act by purchaser in relation to goods purchased which is inconsistent with ownership of seller, will constitute acceptance of goods. Holding castings for long period of time and subjecting them to very high degree of heat for annealing purposes, and thereafter paying for them, constitutes clear acceptance.

**CONTRACTS.**

(150 C3) Entire transaction being disclosed by letters passing between parties, construction is for the court, and not for the jury.

Error to Common Pleas.

Judgment affirmed.

H. L. Peeke and J. F. Hertlein, Sandusky, for Specialty Co.

Krueger & Rosino, Sandusky, for Foundry Co.

STATEMENT OF FACTS.

This action was brought by The Power Specialty Company to recover the amount of $1260.00 the purchase price of certain steel castings which it had purchased of the defendant. In the Common Pleas Court, at the conclusion of the evidence offered in behalf of the plaintiff, a verdict was directed for the defendant, and this proceeding is brought to secure a reversal of the judgment.

In June, 1925, The Power Specialty Company ordered of defendant some castings denominated "return headers," same to be thoroughly annealed in the rough, from a certain pattern, and the castings were shipped soon thereafter. In July, 1925, the plaintiff complained that the castings were only 6⅞ inches wide instead of 7 inches, but did not reject them, suggesting only a correction of the pattern for future castings. On August 27, 1925, the plaintiff wrote to the defendant that it was finding the castings exceedingly hard and that they had not been properly annealed. The plaintiff had, in the meantime, subjected the castings to intense heat in its own furnace for the purpose of annealing them and making them softer. It did not, however, then reject the castings and thereafter paid to the defendant the purchase price in full.

RICHARDS, J.

Under the provisions of General Code, Section 8426, if the purchaser does any act in relation to goods purchased which is inconsistent with the ownership of the seller, that will constitute an acceptance of the goods. It seems, therefore, perfectly clear that by receiving and holding these castings for a long period of time and subjecting them to a very high degree of heat for annealing purposes, and in thereafter making payment for the same, the plaintiff clearly accepted the castings.

It is urged, however, that the subsequent correspondence of the parties shows what amounts to a rescission of the acceptance. This correspondence only shows that the defendant, after the castings had been paid for, agreed with the plaintiff that if it would return the castings to the defendant it would re-anneal them, which it did and again returned them to the plaintiff. After the castings had been definitively accepted that acceptance could only be avoided by an agreement, express or implied, or a waiver or rescission of the acceptance. The correspondence utterly fails to show such a state of facts as would do away with the acceptance.

Claim is made that the matter of the acceptance should have been submitted to the jury, but in this case the entire transaction is disclosed by letters passing between the parties and the construction to be placed on this correspondence is for the court.

The trial judge committed no error in directing a verdict for the defendant.

(Williams and Lloyd, JJ., concur.)